UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BRIAN KEITH TURNER, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:06-cv-471 |
| | ) | (VARLAN/GUYTON) |
| BLOUNT COUNTY, TENNESSEE, et al., | ) | |
| *Defendants*. | ) | |

# MEMORANDUM

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is represented by counsel. The matter is before the court on the motion to dismiss filed by Blount County, Tennessee, as to certain claims and by the individual defendants in their official capacity. Plaintiff has responded and the defendants have filed a reply brief. The court finds that oral argument is not necessary and the motion is ripe for the court's consideration. For the following reasons, the motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART**. The defendants should file, within twenty (20) days of the entry of this Memorandum and accompanying Order, their answer to the remaining claims as set forth below.

I.  Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.    Factual Background

Plaintiff's complaint concerns the circumstances surrounding his arrest on suspicion of theft of an automobile, including allegations of excessive force by the police officers, and the police chase that preceded the arrest, which chase resulted in the crash of plaintiff's vehicle. In his original complaint, plaintiff named as defendants Blount County, Tennessee, the Blount County Sheriff's Department by and through Blount County Sheriff James L. Berrong, and the following individual officers: Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey, Matt McKinnis, Brian Frazier, John Doe, and John Doe II.

The original complaint did not state the capacity in which the individual officers were sued. Blount County, Tennessee, and the Blount County Sheriff's Department were sued under the theory that they are liable for the officers' actions pursuant to the doctrine of respondeat superior. After the defendants' answers were filed, plaintiff was allowed to amend his complaint in order to clarify the capacity in which the parties were sued.

In the amended complaint, plaintiff sued the individual officers in both their individual and official capacity. Plaintiff also added Sheriff James L. Berrong as a defendant in his official capacity. In addition to the claim that Blount County, Tennessee, is liable under the doctrine of respondeat superior, plaintiff added the claim that the officers' actions were based upon policies and procedures adopted by Blount County, Tennessee. Plaintiff also alleged various other claims against the defendants. In the motion to dismiss, the defendants move to dismiss various claims, as discussed below.

III.  Discussion

*A. Official Capacity of Individual Officers*

When a county defendant is sued in his official capacity, the court must proceed as if the plaintiff has in fact sued the county itself, in this case Blount County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail the plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Blount County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

Blount County, Tennessee, is a defendant to this action. Accordingly, the claims against Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey,

Matt McKinnis, and Brian Frazier in their official capacity must be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

### B. *Tennessee Governmental Tort Liability Act*

Plaintiff also sues Blount County and the individual officers under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101 *et seq*. The Tennessee legislature has granted exclusive original jurisdiction over claims under the Tennessee Governmental Tort Liability Act to state circuit courts. Tenn. Code Ann. § 29-20-307. The Sixth Circuit has observed that this limitation on suability deprives a federal court of pendent jurisdiction for claims under the Tennessee Governmental Tort Liability Act. *See Maxwell v. Conn*, No. 89-5060, 1990 WL 2774 (6th Cir. January 18, 1990) (unpublished decision). *See also Beddington v. City of Pulaski, Tennessee*, 666 F. Supp. 1064, 1066-67 (M.D. Tenn. 1987), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988). *Cf. Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989) ("A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law."). Therefore, plaintiff's claims under the Tennessee Governmental Tort Liability Act, including his claims of outrageous conduct, and any pendent state law claims that plaintiff alleges under that act, will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

### C. *Respondeat Superior*

Plaintiff alleges that Blount County, Tennessee, and Sheriff Berrong are liable for the actions of the individual officers pursuant to the doctrine of respondeat superior. In a suit

brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Accordingly, plaintiff's claims under respondeat superior will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

### D. Violation of Tennessee State Constitution

Plaintiff alleges the defendants' conduct violated his rights under the Tennessee State Constitution. An alleged violation of a state constitution, however, does not state a claim under 42 U.S.C. § 1983. *See, e.g., Harrill v. Blount County, Tennessee*, 55 F.3d 1125, 1125 (6th Cir. 1995). Thus, plaintiff's claims under the Tennessee Constitution will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

### E. Sheriff James L. Berrong

As noted elsewhere in this opinion, plaintiff's claims against Sheriff Berrong under the doctrine of respondeat superior and for negligence will be dismissed. Plaintiff also claims that Sheriff Berrong failed to properly train and supervise the individual officers. Sheriff Berrong is sued, however, only in his official capacity. Accordingly, Sheriff Berrong will be **DISMISSED** as a defendant and the defendants' motion to dismiss will be **GRANTED** to that extent.

*F. Supplemental Jurisdiction*

Plaintiff asks the court to exercise supplemental jurisdiction over any state law claims he has against the defendants. Elsewhere in this opinion, the court declined to exercise supplemental jurisdiction over plaintiff's claims under the Tennessee Governmental Tort Liability Act. Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over any other pendent state law claims which the plaintiff may have. Therefore, plaintiff's claims under state law will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

*G. Criminal Violation under 18 U.S.C. § 242*

Plaintiff alleges the defendants are liable under 18 U.S.C. § 242 for the violation of his civil rights. Section 242 makes it a federal crime for a state actor under color of law to deprive an individual of his civil rights. While § 242 provides criminal penalties for violation of the statute, it does not provide a civil remedy. Thus, there is no private right of action under this criminal statute. *See, e.g., Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (D.C. N.Y. 1985). Accordingly, plaintiff's claim for relief under 18 U.S.C. § 242 will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

*H. Negligence*

Plaintiff alleges that Blount County, Tennessee, was negligent in hiring the individual officers and in failing to properly train or supervise the officers. It has long been settled,

however, that allegations of mere negligence fail to state a claim upon which relief can be granted in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). That concept has been expanded to include allegations of gross negligence as well.

In *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 34 F.3d 345 (6th Cir. 1994), the Sixth Circuit held that "[g]ross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Id.* at 351 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). *See also Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("gross negligence is not the type of government action needed to support a Section 1983 claim"). Accordingly, plaintiff's claims of negligence will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

*I. Joint and Several Liability*

Plaintiff alleges that the defendants are jointly and severally liable for damages as a result of the violation of his civil rights. The defendants contend that joint and several liability is not allowed in civil rights cases. The defendants are incorrect in this regard. *See Weeks v. Chaboudy*, 984 F.2d 185, 189 (6th Cir. 1993); *Patrick v. City of Detroit*, 906 F.2d 1108, 1114-16 (6th Cir. 1990). Thus, the defendants' motion to dismiss will be **DENIED** with respect to plaintiff's claim of joint and several liability.

## J. Punitive Damages

Plaintiff seeks both compensatory and punitive damages from the defendants. The defendants contend that punitive damages are not allowed against governmental entities under the civil rights act. The defendants are correct in this regard. *See City of Newport v. Fact Concerts*, 453 U.S. 247, (1981). Therefore, plaintiff's claim against Blount County, Tennessee, for punitive damages will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

## K. Conspiracy

Plaintiff alleges the defendants conspired to deprive him of his civil rights. "It is well-settled law that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has stated no specific factual allegations to support his claim of conspiracy. Accordingly, plaintiff's claims of conspiracy will be **DISMISSED** and the defendants' motion to dismiss will be **GRANTED** to that extent.

## L. Blount County Sheriff's Department and John Does

In the original complaint, the plaintiff named the Blount County Sheriff's Department as a defendant. In the amended complaint, however, plaintiff did not name the Blount County Sheriff's Department as a defendant. In any event, the Blount County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it will be

**DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983").

Likewise, in the original complaint, plaintiff named as defendants John Doe and John Doe II, but did not name them as defendants in the amended complaint. Therefore, John Doe and John Doe II will be **DISMISSED** from this action.

IV. Conclusion

The defendants' motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART** as set forth in this Memorandum. In addition, Sheriff James L. Berrong, the Blount County Sheriff's Department and the John Doe defendants will be **DISMISSED** as defendants. The remaining defendants should file, within twenty (20) days of the entry of this Memorandum and accompanying Order, their answer to the remaining claims, to-wit, the alleged violation of plaintiff's constitutional rights by the individual officers in their individual capacity as a result of excessive force during the car chase and plaintiff's arrest, and the alleged violation of plaintiff's constitutional rights by Blount County, Tennessee, as

a result of policies and procedures adopted by the county and the county's alleged failure to properly hire, train, and supervise the individual officers.[1]

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that, although the individual defendants filed an answer to the original complaint in their official capacity and filed a motion to dismiss the amended complaint in their official capacity, they have not filed any response to the amended complaint in their individual capacity.