UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRIAN KEITH TURNER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-471 |
| | ) | (VARLAN/GUYTON) |
| BLOUNT COUNTY, TENNESSEE, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

This is a civil rights action pursuant to 42 U.S.C. § 1983; plaintiff is represented by counsel. The matter is before the Court on the motion to dismiss, filed by the individual defendant officers in their individual capacity, based upon the statute of limitation. Plaintiff has not filed a response to the motion for summary judgment and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. The Court finds that oral argument is not necessary and the motion is ripe for the Court's consideration. For the following reasons, the motion to dismiss [Doc. 43] will be **GRANTED**. Defendants Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey, Matt McKinnis, and Brian Frazier will be **DISMISSED** from this action.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Averments of time are material for the purpose of testing the sufficiency of a pleading. Fed. R. Civ. P. 9(f). Accordingly, a complaint can be dismissed as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). *Ott v. Midland-Ross Corporation*, 523 F.2d 1367, 1369 (6th Cir. 1975).

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

2

II.     Factual Background

Plaintiff's complaint concerns the circumstances surrounding his arrest on suspicion of theft of an automobile, including allegations of excessive force by the police officers, and the police chase that preceded the arrest, which chase resulted in the crash of plaintiff's vehicle. The incident occurred on December 8, 2005. In his original complaint filed on December 8, 2006, plaintiff named as defendants Blount County, Tennessee, the Blount County Sheriff's Department by and through Blount County Sheriff James L. Berrong, and the following individual officers: Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey, Matt McKinnis, Brian Frazier, John Doe, and John Doe II.

The original complaint did not state the capacity in which the individual officers were sued. Blount County, Tennessee, and the Blount County Sheriff's Department were sued under the theory that they are liable for the officers' actions pursuant to the doctrine of respondeat superior. After the defendants' answers were filed, plaintiff was allowed to amend his complaint in order to clarify the capacity in which the parties were sued. The motion to amend the complaint was filed on June 13, 2007.

In the amended complaint, plaintiff sued the individual officers in both their individual and official capacity. Plaintiff also added Sheriff James L. Berrong as a defendant in his official capacity. In addition to the claim that Blount County, Tennessee, is liable under the doctrine of respondeat superior, plaintiff added the claim that the officers' actions were based upon policies and procedures adopted by Blount County, Tennessee. Plaintiff also alleged various other claims against the defendants.

3

In a previous Memorandum, the Court dismissed the claims against Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey, Matt McKinnis, and Brian Frazier in their official capacity. The Court also dismissed the claims against Blount County, Tennessee, and the individual officers under the Tennessee Governmental Tort Liability Act, under the Tennessee Constitution, under 18 U.S.C. § 242, and under a conspiracy theory. The Court further dismissed the John Doe defendants, the Blount County Sheriff's Department, and Sheriff Berrong as defendants in this action, and dismissed the claims against Blount County, Tennessee, under the doctrine of respondeat superior as well as under a theory of negligence.

All that remained of plaintiff's complaint were the claims against the defendant officers in their individual capacity and the alleged violation of plaintiff's constitutional rights by Blount County, Tennessee, as a result of policies and procedures adopted by the county and the county's alleged failure to properly hire, train, and supervise the individual officers. The defendant officers now move to dismiss the complaint against them in their individual capacity based upon the statute of limitation.

III.    Discussion

Because plaintiff did not state in his original complaint whether the individual defendant officers were sued in their official or individual capacity, it was presumed they were sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989). Given that, the Court was required to proceed as if plaintiff had in effect sued Blount County,

4

Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (internal citations omitted).

A claim against an officer in his individual capacity, "on the other hand, seek[s] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Such a suit seeks money damages from the defendant's personal assets. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

As noted earlier, there is a one-year statute of limitation for filing a federal civil rights action in Tennessee. Plaintiff's complaint concerns an incident that occurred on December 8, 2005, and his original complaint was filed on December 8, 2006. The defendants' answer, in which they raised the issue of capacity, was filed on February 20, 2007. Plaintiff's motion to amend to state a claim against the defendant officers in their individual capacity was not filed until June 13, 2007, which was 187 days after the expiration of the statute of limitation.

Rule 15(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that an amendment to a complaint relates back to the date the original complaint was filed under the following circumstances:

(A)     the law that provides the applicable statute of limitations allows relation back;

(B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant should be served within 120 days of the filing of the complaint.

In this case, the amended claims against the defendant officers in their individual capacity arose out of the incident set forth in the original complaint; the amended complaint, however, changed the character of the claims against the defendant officers, from a suit against them in their official capacity as representatives of the county to a suit against them personally for money damages. For that reason, the amendment must satisfy the requirements of Rule 15(c)(1). *See Lovelace v. O'Hara*, 985 F.2d 847, 849 (6th Cir. 1993). "'It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.'" *Id*. at 851 (quoting *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)).

The motion to amend the complaint was filed 187 days after the expiration of the statute of limitation and 187 days after the filing of the complaint. There was no question as to the identity of the individual defendants as they were named in the original complaint in their official capacity. Nevertheless, the defendant officers were not aware of the claims against them in their individual capacity until after the 120 days for service of the complaint as provided for in Fed. R. Civ. P. 4(m).

Under the circumstances, the Court finds that the amended claims against the defendant officers in their individual capacity do not relate back to the date the original complaint was filed, the claims are therefore barred by the statute of limitation, and the motion to dismiss will be **GRANTED** for that reason. The only claims remaining against the defendant officers are the claims against them in their individual capacity and the defendant officers will be **DISMISSED** from this action.

IV.    Conclusion

The defendants' motion to dismiss [Doc. 43] will be **GRANTED**. Defendants Matt Thompson, James Stegall, Doyle Daugherty, Ronnie Regan, Randall Ailey, Matt McKinnis, and Brian Frazier will be **DISMISSED** from this action.

**AN APPROPRIATE ORDER WILL ENTER.**


                                                              s/ Thomas A. Varlan
                                                              UNITED STATES DISTRICT JUDGE


7